# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—APRIL TERM, 1902.

### Chicago & Alton R. R. Co. v. William O'Leary, Adm'r.

1. INSTRUCTIONS—*Knowledge of Rules Alleged in Count.*—Where an allegation in a count of knowledge of rules is not supported by proof, it is error to refuse an instruction to find defendant not guilty on that count.

2. SAME—*Assuming Unproved Facts.*—An instruction assuming the existence of rules prior to the date of the injury complained of when such existence has not been proved, is erroneous.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Livingston County; the Hon. JOHN H. MOFFETT, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed July 18, 1902.

C. W. BROWN, attorney for appellant; C. C. STRAWN, of counsel.

JOSEPH D. MITCHELL and R. S. MCILDUFF, attorneys for appellee; STEVENS R. BAKER, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Michael O'Leary, on the 13th day of October, 1900, was found lying under the wheels of a Chicago & Alton freight engine, upon or near the south line of Hamilton street, in the city of Odell. He died from the injuries an hour or two later. His administrator brings this action for the next of kin of decedent.

There have been two trials. The first resulted in a ver-

dict of not guilty. A new trial was granted. Upon the second trial a verdict was obtained against the railroad company for $3,000, upon which judgment was rendered. The defendant brings the case to this court by appeal.

The trial was had upon four only, of the numerous counts in the declaration. One of these counts charges appellant with running its freight train over its westerly track, at the intersection of Hamilton street, and not having the same under the control of its servants, and at a dangerous rate of speed, and contrary to the rules of the railroad company, and particularly those parts of the general rules reading as follows :

"12. All trains, except passenger trains, must approach all stations, water tanks and coal chutes, under complete control, expecting to find a preceding train on the main track, whether it may be a stopping place as per table for that train or not.

  *       *       *       *       *       *       *

"13. Passenger Trains Standing at Stations on Double Track.—Train approaching a station where a passenger train may be standing receiving or discharging passengers, must be stopped before reaching the passenger train, and must not be started until the passenger train moves forward."

And further alleging that the appellee's intestate then had knowledge of each of said rules; that, further, that O'Leary was crossing appellant's tracks at Hamilton street while a passenger train was standing upon the east track receiving and discharging passengers; and that the said O'Leary was injured by the negligence of the appellant then and there through the carelessness of the person in charge of the freight train, and that the decedent was in the exercise of due care for his own safety.

The defendant asked and the court refused an instruction to the jury to find the defendant not guilty under this count.

We hold that the instruction should have been given. The rules set out in the count were introduced in evidence upon the trial. There was no proof as to when they were adopted, except that they were in force upon the day of

the accident. Upon the question whether they were adopted that day or had been in force for years, the record sheds no light. We can not supplement such lack of proof by indulging in the presumption that the defendant had been operating its road under these rules for years prior to the death of O'Leary.

To entitle the plaintiff to recover under this count, it was necessary to prove the allegation that O'Leary had knowledge of the existence of the rules. There is absolutely no direct proof of such knowledge on the part of the deceased. But it is argued that he had formerly been an employe of the defendant company for years and that therefore the jury would have the right to assume that he knew of the existence of the rules of the company relating to the manner of operating its trains. As a predicate for such argument it was essential that there should have been proof of the previous existence of the rules. There was no such proof. If they were not then in existence he could have had no knowledge of them. That which is not proven in contemplation of law does not exist.

There were instructions given the jury at the instance of the plaintiff which assumed that these rules existed prior to the date of the injury to and death of O'Leary. The giving of these instructions was error, and manifestly prejudicial to the defendant. They misled the jury as to the facts under a count, which, in view of the state of the proof, should have been withdrawn from the consideration of the jury.

In the state of the record we can not say that the jury did not return its verdict upon the count of the declaration now under consideration.

While the giving of the plaintiff's sixth instruction was not, perhaps, reversible error, it is subject to many of the criticisms made by the defendant.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.